UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CESAR A. ORDENANA,
and other similarly situated individuals,

    Plaintiff (s),

v.

ANAGABAND 8430 LLC,
and SILVIA DI MARCO, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CESAR A. ORDENANA, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants ANAGABAND 8430 LLC and SILVIA DI MARCO, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

3. Plaintiff CESAR A. ORDENANA (hereinafter CESAR A. ORDENANA, or Plaintiff) is a resident of Broward County who worked in Dade County, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

4. Defendant ANAGABAND 8430 LLC (hereinafter ANAGABAND, or Defendant) is a Florida corporation with corporate offices in Miami, Florida, FL, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

5. The individual Defendant SILVIA DI MARCO was and is now the owner/partner and manager of Defendant Corporation ANAGABAND. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Dade county, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8. The asserted class for this collective action includes all current and former maintenance employees, similarly situated to Plaintiff, performing non-exempted duties at all premises in furtherance of the business of Defendants and who worked more than forty hours (40) during one or more weeks within the material time, without being paid minimum wages

and overtime hours at the rate of time and one-half their regular rate ("the overtime rate"), pursuant the FLSA.

9. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individual joining this action, as tolled or extended by the equity or by law.

10. Corporate Defendant ANAGABAND is a management and real estate company dedicated to the rent of residential units.

11. Defendants ANAGABAND and SILVIA DI MARCO employed Plaintiff CESAR A. ORDENANA as a non-exempted, full-time repairing and maintenance employee, from on or about October 01, 2021, through approximately May 12, 2022, or 32 weeks.

12. Plaintiff was hired as a non-exempted employee to perform non-exempted work as a maintenance and repairing employee at La Morena Apartments located at 8430 Harding Avenue, Miami Beach, FL 33141.

13. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 7 days weekly, from Monday to Sunday, from 6:00 AM to 6:00 AM (12 hours daily). Plaintiff worked a total of 81 hours weekly. Plaintiff has deducted 3 hours of lunchtime weekly.

14. Plaintiff was paid an average of $1,750.00 weekly that, divided by the 81 hours worked, resulted in a regular rate of $21.60 an hour. Plaintiff's overtime rate should be $32.40.

15. Plaintiff worked regularly and consistently an average of 81 hours weekly, but he was not paid for overtime hours.

16. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate

records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

17. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

18. Plaintiff was paid weekly by Zelle deposits, without paystubs showing the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

19. On or about May 12, 2022, Plaintiff left his employment with Defendants due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

20. When Plaintiff ended his employment, Defendants refused to pay Plaintiff three weeks of work or the equivalence to $5,250.00.

21. Plaintiff CESAR A. ORDENANA seeks to recover unpaid wages, overtime wages for every hour above 40 that he worked, liquidated damages, and any other relief as allowable by law.

22. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

23. Plaintiff CESAR A. ORDENANA re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. The Employer ANAGABAND was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a management and real estate company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

26. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

27. Defendants ANAGABAND and SILVIA DI MARCO employed Plaintiff CESAR A. ORDENANA as a non-exempted, full-time, hourly employee, from on or about October 01, 2021, through approximately May 12, 2022, or 32 weeks.

28. Plaintiff had duties as maintenance and repairing employee at La Morena Apartments located at 8430 Harding Avenue, Miami Beach, FL 33141.

29. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 7 days per week, a total of 81 hours weekly. Plaintiff has deducted 3 hours of lunchtime weekly.

30. Plaintiff was paid an average of $1,750.00 weekly that, divided by the 81 hours worked, resulted in a regular rate of $21.60 an hour. Plaintiff's overtime rate should be $32.40.

31. Plaintiff worked regularly and consistently an average of 81 hours weekly, but he was not paid for overtime hours, as required by law.

32. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

33. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid weekly by Zelle deposits, without paystubs showing the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

35. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

36. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Fourteen Thousand One Hundred Sixty-Nine Dollars and 60/100 ($14,169.60)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 32 weeks
   Total relevant weeks: 32 weeks
   Total hours worked: 81 hours weekly
   Total O/T hours: 41 O/T hours weekly

      Total unpaid O/T hours: 41 O/T hours.
      Paid: $1,750.00: 81 hours=$21.60 an hour
      Regular rate: $21.60 x 1.5= $32.40-$21.60 O/T rate paid=$10.80 half-time
      Half-time: $10.80

      $10.80 x 41 O/T hours=$442.80 weekly x 32 weeks = $14,169.60

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

     This amount represents unpaid half-time overtime wages.

39. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

41. At times mentioned, individual Defendants SILVIA DI MARCO was and is now the owner/partner and manager of ANAGABAND. Defendant SILVIA DI MARCO was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of ANAGABAND concerning its employees, including Plaintiff and others similarly situated. Defendant SILVIA DI MARCO had financial and operational control of the business, provided Plaintiff with his work schedule, and she is jointly and severally liable for Plaintiff's damages.

42. Defendants ANAGABAND and SILVIA DI MARCO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CESAR A. ORDENANA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CESAR A. ORDENANA and other similarly situated individuals and against the Defendants ANAGABAND and SILVIA DI MARCO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CESAR A. ORDENANA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff CESAR A. ORDENANA demands a trial by jury of all issues triable as a right by jury.

### COUNT II:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

44. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

45. The Employer ANAGABAND was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a management and real estate company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

46. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

47. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees

under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

48. Defendants ANAGABAND and SILVIA DI MARCO employed Plaintiff CESAR A. ORDENANA as a non-exempted, full-time repairing and maintenance employee, from on or about October 01, 2021, through approximately May 12, 2022, or 32 weeks.

49. Plaintiff was hired as a non-exempted employee to perform non-exempted work as a maintenance and repairing employee.

50. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 7 days per week, a total of 81 hours weekly. Plaintiff has deducted 3 hours of lunchtime weekly.

51. Plaintiff was paid an average of $1,750.00 weekly that, divided by the 81 hours worked, resulted in a regular rate of $21.60 an hour.

52. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

53. On or about May 12, 2022, Plaintiff left his employment with Defendants due to discriminatory reasons.

54. When Plaintiff ended his employment, Defendants refused to pay Plaintiff three weeks of work or the equivalence to $5,250.00.

55. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

56. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

57. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

58. Plaintiff was paid weekly by Zelle deposits, without paystubs showing the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

59. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

60. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

61. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to

overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

62. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Four Hundred Thirty Dollars and 00/100 ($2,430.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 32 weeks
   Total number of unpaid weeks:  3 weeks
   Total number of unpaid hours: 81 hours weekly
   Fl Minimum wage 2022: $10.00

   $10.00 x 81 hours=$810.00 weekly x 3 weeks= $2,430.00

   c. <u>Nature of wages</u>:

   This amount represents regular unpaid wages at the Florida minimum wage rate.

63. Defendants unlawfully failed to pay minimum wages to Plaintiff.

64. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

65. At times mentioned, individual Defendants SILVIA DI MARCO was and is now the owner/partner and manager of ANAGABAND. Defendant SILVIA DI MARCO was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted

directly in the interests of ANAGABAND concerning its employees, including Plaintiff and others similarly situated. Defendant SILVIA DI MARCO had financial and operational control of the business, provided Plaintiff with his work schedule, and she is jointly and severally liable for Plaintiff's damages.

66. Defendants ANAGABAND and SILVIA DI MARCO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

67. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CESAR A. ORDENANA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants ANAGABAND and SILVIA DI MARCO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CESAR A. ORDENANA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: October 6, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*